NO. 23-10954-H

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## DARIAN K. LOCURE,

**Appellant,**

**v.**

## DENISE HUGHES, as Administrator of the Estate
## of Edwin Dewayne Moss,

**Appellee.**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION
## CIVIL ACTION NO. 3:22-cv-00312-RAH-JTA

---

## BRIEF OF APPELLANT DARIAN K. LOCURE

---

Constance Caldwell Walker
J. Mark Cowell
Webb McNeill Walker PC
One Commerce Street, Suite 700
Montgomery, Alabama 36117
Ph: (334) 262-1853
F:   (334) 262-1889
cwalker@wmwfirm.com
mcowell@wmwfirm.com

**Attorneys for Appellant Darian K. Locure**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Appellant Darian K. Locure hereby respectfully submits this Certificate of Interested Persons and Corporate Disclosure Statement in accordance with 11th Cir. R. 26.1-2, and lists the following entities/persons as parties in the above-styled proceeding:

1.    Adams, Jerusha T. – Magistrate Judge

2.    Cowell, John Mark – Counsel for Defendant/Appellant Darian K. Locure

3.    Dye, Victoria L. – Counsel for Plaintiff/Appellee Denise Hughes as Administrator of the Estate of Edwin Dewayne Moss

4.    Fischer, Erby J. – Counsel for Plaintiff/Appellee Denise Hughes as Administrator of the Estate of Edwin Dewayne Moss

5.    Huffaker, R. Austin, Jr. – District Court Judge

6.    Locure, Darian K. – Defendant/Appellant

7.    Morgan & Morgan – Law Firm representing Plaintiff/Appellee Denise Hughes as Administrator of the Estate of Edwin Dewayne Moss

8.    Morgan & Morgan Birmingham, PLLC – Law Firm representing Plaintiff/Appellee Denise Hughes as Administrator of the Estate of Edwin Dewayne Moss

i

9.     Walker, Constance Caldwell – Counsel for Defendant/Appellant Darian K. Locure

10.    Webb McNeill Walker PC – Law Firm representing Defendant/Appellant Darian K. Locure

## STATEMENT REGARDING ORAL ARGUMENT

This appeal concerns the serious issue of whether the district court improperly expanded the scope of substantive due process jurisprudence, an area of the law that has historically been strictly and judiciously limited in accordance with clear pronouncements from the Supreme Court. Oral argument is therefore warranted.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT ....................................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ........................................................................iv

TABLE OF CITATIONS ........................................................................vi

STATEMENT OF SUBJECT-MATTER JURISDICTION AND APPELLATE

JURISDICTION ................................................................................ix

STATEMENT OF THE ISSUES....................................................................1

STATEMENT OF THE CASE.....................................................................2

    I.    Course of Proceedings and Disposition in the Court Below......................2

    II.    Statement of the Facts .................................................................3

    III.    Statement of the Standard or Scope of Review.........................................4

SUMMARY OF THE ARGUMENT ......................................................................5

ARGUMENT AND CITATIONS OF AUTHORITY ..............................................6

    I.    The district court erred when it held that Deputy Locure was not entitled

        to Qualified Immunity ....................................................................6

        A. The district court impermissibly expanded the scope of Substantive

            Due Process by transforming a state-law tort claim arising from a motor

vehicle accident into a constitutional violation of Substantive Due Process ................................................................................6

B. The district court erred when it determined that the Complaint, which alleged only reckless and/or deliberately indifferent conduct (instead of intent to harm) sufficiently stated a plausible violation of Substantive Due Process ........................................................................15

C. The district court erred when it found that Deputy Locure was acting under "color of law" as required for a Section 1983 claim alleging a violation of Substantive Due Process...................................................24

II.    The district court erred when it determined that the Complaint's allegations demonstrated a violation of Clearly Established Constitutional Law......25

CONCLUSION ...................................................................................30

CERTIFICATE OF COMPLIANCE.......................................................32

CERTIFICATE OF SERVICE ..............................................................33

# TABLE OF CITATIONS

*Cases:*

\* *Barnwell v. Douglas Cnty.,* 390 Fed.Appx. 862 (11th Cir. 2010).............. 11, 20, 22

*Browder v. City of Albuquerque,* 787 F.3d 1076 (10th Cir. 2015).........................23

*Butler v. Sheriff of Palm Beach Cnty.,* 685 F.3d 1261 (11th Cir. 2012...................24

*Cannon v. Taylor,* 782 F.2d 947 (11th Cir. 1986)  ....................................................9

*Cluff v. Miami-Dade Cnty.,* Docket no. 22-10704 (11th Cir. Nov. 8, 2022).....15, 24

*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115,

    112 S.Ct. 1061 (1992)....................................................................................8, 19

*Corbitt v. Vickers,* 929 F.3d 1304, 1311 (11th Cir. 2019) ..................................4, 25

\* *County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708 (1998)) ......... 7-8, 16

*Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662 (1986)  ........................................7

*Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668 (1986) ................................7, 29

\* *DeShaney v.Winnebago Cnty. Dep't of Soc. Svs.,* 489 U.S. 189,

    109 S.Ct. 998 (1989) ..................................................................................7, 29

*District of Columbia v. Wesby,* ___ U.S. ___, 138 S.Ct. 577 (2018))....................27

\* *Echols v. Lawton,* 913 F.3d 1313 (11th Cir. 2019)..................................... 14, 27-30

*Ex parte Dixon Mills Vol. Fire Dep't, Inc.,* 181 So. 3d 325 (Ala. 2015) ...............15

*Hamm v. DeKalb Cnty.,* 774 F.2d 1567 (11th Cir. 1985).......................................19

*Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591 (11th Cir. 1997) ......... ix

*Hill v. Shobe,* 93 F.3d 418 (7th Cir. 1996)................................................................12

*Internat'l. Brotherhood of Teamsters v. Hatas,* 287 Ala. 344,

    252 So. 2d 7 (1971) ...........................................................................................22

*Jaimes v. May,* Docket no. 15-14414-CIV-Rosenberg/Lynch

    (S.D. Fla. Nov. 14, 2016)...................................................................................11

*King v. Lake Cnty.,* Docket no. 5:17-cv-52-OC-34-PRL

    (M.D. Fla. Dec. 19, 2017)...........................................................................12, 18

\* *L.S. ex Rel. Hernandez v. Peterson,* 982 F.3d 1323

    (11th Cir. 2020)............................................................... 5-6, 8, 13-16, 19-20, 29

*Maddox v. Stephens,* 727 F.3d 1109 (11th Cir. 2013) ...................................9, 14, 16

*Neal v. Fulton Cnty. Bd. of Educ.,* 229 F.3d 1069 (11th Cir. 2000).......................13

*Nix v. Franklin Cnty. Sch. Dist.,* 311 F.3d 1373 (11th Cir. 2002).......................6, 14

*Oliver v. Georgia Dep't of Corrections,* Docket no. 5:06-cv-320 (CAR)

    (M.D. Ga. Oct. 27, 2006)...................................................................................12

*Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908 (1981) .....................................7, 14

*Patterson v. Walden,* Docket no. 13-0109-WS-B

    (S.D. Ala. Jun. 18, 2013) ...................................................................................17

\* *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155 (1976).......................................7, 14, 19

vii

*Perez v. Suszczynski,* 809 F.3d 1213 (11th Cir. 2016 ...............................................26

*Prosper v. Martin,* 989 F.3d 1242 (11th Cir. 2021) ..................................................27

*Pruitt v. Oliver,* 331 So. 3d 99 (Ala. 2021) ............................................................15

*Rivas-Villegas v. Cortesluna,* __ U.S. __, 142 S.Ct. 4 (2021)................................27

\* *Rooney v. Watson,* 101 F.3d 1378 (11th Cir. 1996) ........................ 10, 18, 20, 22-23

*Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789 (1991)...........................................26

*Smith v. Arndt,* Docket no. CV-92-H-1227-NE (N.D. Ala. Jul. 14, 1992) .............12

*Terrell v. Smith,* 668 F.3d 1244 (11th Cir. 2012) ....................................................28

\* *Waldron v. Spicher,* 954 F.3d 1297 (11th Cir. 2020) ............................. 5, 12, 14-16

\* *Walton v. Salter,* 547 F.2d 824 (5th Cir. 1976) ....................................................5, 6

*White v. Pauly,* __ U.S. __, 137 S.Ct. 548 (2017) ..................................................27

\* *Wilcox v. Fenn,* 380 Fed.Appx. 837 (11th Cir. 2010) ................................ 10, 20-23

*Wilcox v. Fenn,* Docket no. 1:08-cv-20-WLS (M.D. Ga. Mar. 30, 2009)..............17

*Young v. Borders,* 850 F.3d 1274 (11th Cir. 2017....................................................26

### Constitutional Provisions and Statutes:

U.S. Const. Amend. XIV, § 1 .....................................................................................6

28 U.S.C. § 1291 ........................................................................................................ix

28 U.S.C. § 1331 ........................................................................................................ix

## STATEMENT OF SUBJECT-MATTER JURISDICTION
## AND APPELLATE JURISDICTION

This case was filed by Denise Hughes, as administrator of the Estate of Edwin Moss ("Deceased") in the Circuit Court of Macon County, Alabama. The case was removed to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to that Court's federal question jurisdiction, 28 U.S.C. § 1331. The Appellant Deputy Sheriff Darian Locure ("Deputy Locure") appeals from a judgment of the district court dated March 10, 2023. (46) The Notice of Appeal was timely filed on March 24, 2023. (51)

This Court has jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291. A district's court's denial of a dispositive motion raising the defense of qualified immunity is a "final decision under the collateral order doctrine over which [the Eleventh Circuit] has jurisdiction pursuant to 28 U.S.C. § 1291." *Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591, 594 (11th Cir. 1997).[1]

---

[1] References to the court filings in district court are to the Document Number in the Civil Docket located in Appellant's Appendix.

## STATEMENT OF THE ISSUES

I.    Whether the district court erred when it held that Deputy Locure was not entitled to Qualified Immunity.

   A.    Whether the district court impermissibly expanded the scope of Substantive Due Process by transforming a state-law tort claim arising from a motor vehicle accident into a constitutional violation of Substantive Due Process.

   B.    Whether the district court erred when it determined that the Complaint, which alleged only reckless and/or deliberately indifferent conduct (instead of intent to harm) sufficiently stated a plausible violation of Substantive Due Process.

   C.    Whether the district court erred when it found that Deputy Locure was acting under "color of law" as required for a Section 1983 claim alleging a violation of Substantive Due Process.

II.    Whether the district court erred when it determined that the Complaint's allegations demonstrated a violation of Clearly Established Constitutional Law.

1

## STATEMENT OF THE CASE

### I.    Course of Proceedings and Disposition in the Court Below

On September 19, 2021, Appellee Denise Hughes, as administrator of the Estate of the Deceased ("Hughes"), filed a Complaint in the Circuit Court of Macon County, Alabama, against Deputy Locure asserting claims arising from a motor vehicle accident that caused the death of the Deceased. (1-1) Hughes amended the Complaint on January 25, 2022, and May 6, 2022. (1-6; 1-8) The second amendment contained several state-law claims and one federal claim alleging a violation of substantive due process under the Fourteenth Amendment. (1-8) The case was removed to the United States District Court for the Middle District of Alabama, Northern Division, on May 7, 2022. (1) Deputy Locure filed a Motion to Dismiss the Second Amended Complaint on May 31, 2022. (7-9) Hughes filed a response in opposition. (14)

On July 18, 2022, Hughes filed a Motion for Leave to File a Third Amended Complaint. (31) The motion was granted by the court, and the Third Amended Complaint was filed on July 27, 2022. (35, 36) This version of the Complaint still contained numerous state-law claims and one federal substantive due process claim arising from a motor vehicle accident involving the Deceased and Deputy Locure.

(36) Deputy Locure filed a Motion to Dismiss the Third Amended Complaint on August 5, 2022. (37-38, 45) Hughes filed a response in opposition. (41)

On September 23, 2022, Deputy Locure filed an unopposed motion to withdraw that portion of the Motion to Dismiss seeking dismissal of Hughes's state-law claims for wrongful death, negligence per se, negligence and wantonness. (44) Deputy Locure asked the court to rule only on the issue of whether Deputy Locure was entitled to qualified immunity with respect to Hughes's federal substantive due process claim. (44) The motion was granted. (46)

On March 10, 2023, the district court issued a Memorandum and Opinion denying Deputy Locure's motion seeking dismissal of the federal claim based on the qualified immunity defense. (48) Deputy Locure filed a Notice of Appeal of the court's decision on March 24, 2023. (51)

## II.    Statement of the Facts

On January 19, 2021, sometime after 5:00 p.m., the Deceased was a passenger in an automobile traveling westbound on US Highway 80 in Tuskegee, Alabama. (36, nos. 8-9) Deputy Locure, a deputy sheriff for Macon County, Alabama, was traveling eastbound on US Highway 80 in a Ford F-150 truck owned by the Macon County Sheriff's Office ("MCSO"). (36, nos. 3, 10-11, 50) The Third Amended Complaint alleges that Deputy Locure was driving without his vehicle's headlights

3

illuminated; that he was under the influence of alcohol or other intoxicating substances; and that "upon information and belief," Deputy Locure was exceeding the speed limit of 25 mph by traveling at or above 70 mph. (36, nos. 13-16, 22) The accident occurred when the vehicle in which the Deceased was traveling turned left and crossed Highway 80 in front of Deputy Locure. (36, nos. 18, 20) The Deceased lost his life as a result of the accident. (36, no. 26)

At the time of the accident, Deputy Locure was not responding to an emergency, nor in pursuit of a suspect. (36, no. 55) In the afternoon or early evening that day, Deputy Locure had been told to report to the MCSO to care for his K-9 law enforcement partner. (36, no. 51) At the time of the accident, Deputy Locure was on his way home from the MCSO "where he had just been exercising, feeding, and otherwise caring for his law enforcement canine ("K-9")." (14, no. 3)

## III.    Statement of the Standard or Scope of Review

It is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right. *Corbitt v. Vickers,* 929 F.3d 1304, 1311 (11th Cir. 2019). "This is a question of law that is reviewed 'de novo, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor.'" *Id.* "When reviewing the denial of a qualified immunity defense asserted in a motion to dismiss, appellate

4

review is 'limited to the four corners of the complaint.'" *Id.* "Once an officer has raised the defense of qualified immunity, the burden of persuasion on that issue is on the plaintiff." *Id.*

## SUMMARY OF THE ARGUMENT

The district erred when it denied qualified immunity for Deputy Locure. Hughes failed to state a plausible claim for a violation of substantive due process, and also failed to demonstrate that Deputy Locure violated clearly established constitutional law. In cases alleging a violation of substantive due process, in a non-custodial setting (like the present case), a plaintiff will only state a claim for relief by alleging an "intent to harm" by the defendant. Allegations of wanton/willful/reckless conduct or deliberate indifference do not state a claim for violation of substantive due process in a non-custodial setting. *L.S. ex Rel. Hernandez v. Peterson,* 982 F.3d 1323, 1329-30 (11th Cir. 2020); *Waldron v. Spicher,* 954 F.3d 1297, 1310 (11th Cir. 2020); *Walton v. Salter,* 547 F.2d 824, 825 (5th Cir. 1976).

The Third Amended Complaint failed to allege that Deputy Locure had an intent to harm the Deceased. Instead, it merely alleged wanton/willful conduct, and deliberate indifference (which is the same as recklessness) on the part of Deputy Locure. *See Waldron v. Spicher,* 954 F.3d at 1309. This is not enough to state a claim

5

for violation of substantive due process. *See, e.g., Nix v. Franklin Cnty. Sch. Dist.,* 311 F.3d 1373, 1375 (11th Cir. 2002) (where no custodial relationship exists, "courts have not allowed [substantive] due process liability for deliberate indifference" and have "allow[ed] recovery for intentional conduct under limited circumstances."); *Hernandez,* 982 F.3d at 1330 ("No case in the Supreme Court, or in this Circuit, … has held that … deliberate indifference is a sufficient level of culpability to state a claim of violation of substantive due process rights in a non-custodial context."); *Walton v. Salter,* 547 F.2d at 825 (holding that allegations that officers whose operation of police vehicle that killed deceased were negligent, and acted in willful and wanton disregard for the safety of others, failed to state a claim for violation of substantive due process). The order of the district court is due to be reversed.

## ARGUMENT AND CITATIONS OF AUTHORITY

### I.    The district court erred when it held that Deputy Locure was not entitled to Qualified Immunity.

#### A. <u>The district court impermissibly expanded the scope of Substantive Due Process by transforming a state-law tort claim arising from a motor vehicle accident into a constitutional violation of Substantive Due Process.</u>

The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. The Due Process Clause "was intended to prevent

6

government 'from abusing [its] power or employing it as an instrument of oppression.'" *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 670-71 (1986). "For a due process challenge … to succeed, the general rule is that the action must have been 'intended to injure in some way unjustifiable by any government interest.'" *County of Sacramento v. Lewis,* 523 U.S. 833, 849, 118 S.Ct. 1708, 1718 (1998). The Supreme Court has repeatedly stated that "the Due Process Clause of the Fourteenth Amendment … does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't. of Soc. Svs.,* 489 U.S. 189, 202, 109 S.Ct. 998, 1006 (1989); *see also, Daniels v. Williams,* 474 U.S. 327, 335, 106 S.Ct. 662, 665 (1986); *Parratt v. Taylor,* 451 U.S. 527, 544, 101 S.Ct. 1908, 1917 (1981). "The Clause is phrased as a limitation on the State's powers to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney,* 489 U.S. at 195, 109 S.Ct. at 1003. "It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id.* In other words, substantive due process does not "purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams,* 474 U.S. at 332, 106 S.Ct. at 665; *see also, Paul v.*

*Davis,* 424 U.S. 693, 701, 98 S.Ct. 1155, 1160-61 (1976), wherein the Court warned against allowing the Fourteenth Amendment to be a "font of tort law to be superimposed upon whatever systems may already be administered by the States." Only when the governmental conduct is so arbitrary and egregious that it shocks the conscience, usually when the state actor intended to harm without justification, will such action violate the Fourteenth Amendment. *Lewis,* 523 U.S. at 849, 118 S.Ct. at 1718. "Negligently inflicted harm," which is the lowest level of harm, is "categorically beneath the threshold of constitutional due process," and does not give rise to a constitutional violation. *Id.* In *Lewis,* the Court stated that between intentional and negligent conduct is conduct (such as gross negligence or recklessness) that may have constitutional implications, but only in special circumstances. *Id.* These special circumstances are those dealing with persons in custody, i.e., pretrial detainees in custody, persons in mental institutions, convicted felons, and arrestees. *Collins v. City of Harker Heights,* 503 U.S. 115, 127, 112 S.Ct. 1061, 1070 (1992).

Since *Lewis,* the Eleventh Circuit has repeatedly held that where there is no custodial relationship, "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Hernandez,* 982 F.3d at 1330. "This

8

standard is 'narrowly interpreted and applied.'" *Id.* "Only the most egregious official conduct" qualifies under this standard, so "even intentional wrongs seldom violate the Due Process Clause." *Id.; Maddox v. Stephens,* 727 F.3d 1109, 1119 (11th Cir. 2013) ("Conduct intended to injure in some way that is unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level").

In keeping with this legally sanctioned refusal to expand substantive due process, the Eleventh Circuit has substantially limited the availability of a substantive due process remedy in the context of motor vehicle accidents involving unsafe driving by law enforcement officers. In *Cannon v. Taylor,* 782 F.2d 947 (11th Cir. 1986), the Eleventh Circuit addressed the issue of whether a law enforcement officer involved in a high-speed chase, that resulted in the death of a passenger in another vehicle, was liable for a substantive due process violation. The plaintiff claimed the officer deprived the deceased of her life without due process by virtue of his reckless, excessive speeding without the use of lights and sirens. *Id.* at 949. The court concluded that there is no section 1983 cause of action in such a case. *Id.* at 950. According to the court, due to the "strong observations" from the Supreme Court, and a "complete absence of contrary authority, we hold that a person injured in an automobile accident caused by the negligent, or even grossly negligent,

operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right." *Id.*

In *Rooney v. Watson,* 101 F.3d 1378 (11th Cir. 1996), this Court extended *Cannon* to the situation where a police officer was speeding and crashed into another vehicle, even though the officer was <u>not</u> involved in any emergency response. *Id.* at 1379-81. The court reasoned that even if the officer's excessive speed in a non-emergency was gross negligence, it still did "not transport a state tort claim into a constitutional deprivation." *Id.* at 1381. Importantly, the court refused to adopt a different standard than the one used in *Cannon* just because the officer in *Rooney* was not involved in a high-speed chase or emergency situation requiring rapid decision-making like the officer in *Cannon*. *Id.* at 1380-81. Thus, by virtue of *Rooney,* all law enforcement officers are treated the same and it does not matter whether or not they were involved in a high-speed chase or other emergency situation at the time of the motor vehicle accident.

Subsequently, in *Wilcox v. Fenn,* 380 Fed.Appx. 837 (11th Cir. 2010), the court again held that the actions of officers who were <u>not</u> responding to an emergency (but who were traveling over 90 miles per hour, without their flashing lights or sirens, and suddenly changed lanes causing another person to crash into plaintiff's vehicle) did <u>not</u> constitute a violation of substantive due process. *Id.* at *

10

1-2. The court stated that the officer may have driven <u>recklessly</u>, but this was <u>not "so</u> <u>egregious" as to be "arbitrary in the constitutional sense."</u> *Id.* at * 1 (emphasis added). And in *Barnwell v. Douglas Cnty.,* 390 Fed.Appx. 862, 863-64 (11th Cir. 2010), (cert. den.) 562 U.S. 1137, 131 S.Ct. 928 (2011), this Court held that *Rooney* applied and required judgment for a deputy sheriff when he drove <u>recklessly</u> at an excessive rate of speed, without siren or emergency lights, and caused the death of another person. *Id.* at 863. The deputy eventually pleaded guilty to felony vehicular homicide. *Id.* at 864 n.1. He admitted that he "did drive a vehicle in reckless disregard for the safety of persons and property." *Id*. The evidence before the court showed that the deputy claimed he was responding to an emergency, but this was disputed by the plaintiff who showed that the alleged emergency was too far away and outside the deputy's assigned patrol area. *Id.* at 863. Nonetheless, whether the deputy's driving was emergency-related or not, it did <u>not</u> figure into the court's decision. *Id.* According to the court, the deputy's "conduct in this case, although likely tortious, does not rise to the level of a constitutional violation." *Id.* at 864; *see also Walton v. Salter,* 547 F.2d at 825 (allegations that officers' operation of police vehicle that killed the deceased was negligent and in willful and wanton disregard for the safety of others failed to allege a substantive due process deprivation); *Jaimes v. May,* Docket no. 15-14414-CIV-Rosenberg/Lynch at * 2-3 (S.D. Fla. Nov. 14,

2016) (confirming that Eleventh Circuit law mandates the application of the highest standard of culpability (an intent to inflict harm separate and apart from the exercise of law enforcement duties), in situations involving the unsafe operation of a patrol car, even when the officer is not responding to an emergency or in hot pursuit, or is not underway to a crime scene); *King v. Lake Cnty.,* Docket no. 5: 17-cv-52-OC-34-PRL at * 11-12 (M.D. Fla. Dec. 19, 2017) (allegations of negligent/reckless operation of patrol car did not state a violation of substantive due process); *Oliver v. Georgia Dept. of Corrections,* Docket no. 5:06-cv-320 (CAR) at * 2 (M.D. Ga. Oct. 27, 2006) (allegations of negligent and reckless driving by officer speeding was not enough to state a constitutional violation); *Smith v. Arndt,* Docket no. CV-92-H-1227-NE at * 1 (N.D. Ala. Jul. 14, 1992) (allegations that officer negligently, wantonly, recklessly and maliciously caused accident did not state claim for substantive due process); *see also, Hill v. Shobe,* 93 F.3d 418 (7th Cir. 1996) (cited by the Eleventh Circuit in *Waldron v. Spicher,* 954 F.3d at 1312, n.4 (where officer drove through red traffic light speeding, with no headlights or sirens, and was not responding to an emergency situation, officer's actions did not implicate substantive due process; court held that motor vehicle accidents caused by law enforcement officials do not rise to the threshold of constitutional violations absent a showing that the official knew an accident was imminent and consciously and culpably

refused to prevent it, i.e., must show that official was willing to let a fatal collision occur).

In the present case, the district court erred by improperly expanding the scope of substantive due process, and in doing so, essentially fashioned a federal remedy to fit the facts of this case - something the Supreme Court and Eleventh Circuit have warned district courts not to do. *See, e.g., Hernandez,* 982 F.3d at 1329; *Neal v. Fulton Cnty. Bd. of Educ.,* 229 F.3d 1069, 1074 (11th Cir. 2000) ("We have both said repeatedly that the Fourteenth Amendment is not a 'font of tort law' that can be used, through section 1983, to convert state tort claims into federal causes of action."). In a nutshell, the district court found that allegations of "intent to harm" were not necessary to state a substantive due process claim in this case. (48, pp. 11, 14) Instead, the district court erroneously held that to state a plausible substantive due process claim, "intent to harm" was only required when the officer was involved in emergency situations that required rapid decision making. (Id.) The district court ruled that Deputy Locure was not involved in an emergency situation but was acting solely for his personal pleasure. (48, pp. 13-14) The court further ruled that a substantive due process claim was plausibly stated based on reckless conduct – conduct that has been repeatedly recognized as simply not egregious enough to state

a claim for violation of substantive due process in non-custodial settings. *Hernandez,* 982 F.3d at 1329-30; *Waldron v. Spicher,* 954 F.3d at 1309-10.

This improper expansion of substantive due process intrudes into dangerous waters and threatens to make the Fourteenth Amendment a "font of tort law to be superimposed" upon state-law tort claims. *Paul v. Davis,* 424 U.S. at 701, 96 S.Ct. at 1160. "Substantive due process is a doctrine that has been kept under tight reins, reserved for extraordinary circumstances." *Nix v. Franklin Cnty. Sch. Dist.,* 311 F.3d at 1379. "Even conduct that is 'untoward,' 'unfortunate,' and 'understandably upsetting' does not necessarily rise to the level of a substantive due process violation." *Maddox v. Stephens,* 727 F.3d at 1127. The courts must "exercise the utmost care" when considering claims of substantive due process, and because substantive due process is a legal concept "untethered from the text of the Constitution," the Supreme Court "has been reluctant to expand" its scope. *Echols v. Lawton,* 913 F.3d 1313, 1326 (11th Cir. 2019). As noted by the Supreme Court in *Parratt,* sanctioning claims like the one in the present case will open the flood gates to constitutional claims against state officials making it "hard to perceive any logical stopping place to such a line of reasoning." 451 U.S. at 544, 101 S.Ct. at 1917. "Presumably, under this rationale any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under

14

§ 1983." *Id.* It was not the intent of the drafters of the Fourteenth Amendment for "the Amendment to play such a role in our society." *Id.* Consequently, the district court's decision must be reversed.

**B. <u>The district court erred when it determined that the Complaint, which alleged only reckless and/or deliberately indifferent conduct (instead of intent to harm), sufficiently stated a plausible violation of Substantive Due Process.</u>**

"Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury." *Pruitt v. Oliver,* 331 So. 3d 99, 116 (Ala. 2021); *see also Ex parte Dixon Mills Vol. Fire Dept., Inc.,* 181 So. 3d 325, 333 (Ala. 2015). Wanton/willful/reckless conduct is not the same as an intent to injure another which is the required culpability for a substantive due process claim in non-custodial settings. *See Waldron v. Spicher,* 954 F.3d at 1309-10 (acknowledging that something more than deliberate indifference (or recklessness) is required to satisfy the culpability level to prove a substantive due process claim in a non-custodial context); *Hernandez,* 982 F.3d at 1330 ("We doubt that deliberate indifference can ever be 'arbitrary' or 'conscience shocking' in a non-custodial setting"); *Cluff v. Miami-Dade Cnty.,* Docket no. 22-10704 at * 2-3 (11th Cir. Nov. 8, 2022) (substantive due process claim in non-custodial setting was properly dismissed where there were no factual allegations of a purpose to cause harm). The requisite

15

conduct requires an intent to harm the person physically, or to worsen their legal plight. *See Lewis,* 523 U.S. at 854, 118 S.Ct. at 1720; *see also, Maddox v. Stephens,* 727 F.3d at 1119 ("Conduct intended to injure in some way that is unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level...") There were no allegations before the district court in this case that Deputy Locure intended to physically harm the Deceased, nor facts from which such an intent to physically harm the Deceased could be inferred.

The district court was fully aware of the pronouncements in *Hernandez* and *Waldron v. Spicher,* i.e., that reckless conduct was not egregious enough to be consciousness-shocking in the constitutional sense in a non-custodial context. (48, p. 10) The district court glossed over these statements, however, and said that they were not binding. (Id.) The district court reasoned that the officers in *Hernandez* and *Waldron v. Spicher* were involved in emergency situations requiring rapid decision making and Deputy Locure was not. (Id.) Therefore, according to the district court, *Hernandez* and *Waldron v. Spicher* did not preclude a finding that reckless conduct was egregious enough for a substantive due process claim. (Id.) This was wrong. This Court's statements in *Hernandez* and *Waldron v. Spicher* were not limited to emergency situations. The point being made in both cases was thusly – <u>in a non-</u>

16

custodial case alleging a violation of substantive due process, reckless conduct is not egregious enough to state a viable claim.

As noted above, the Third Amended Complaint did not allege any conduct of Deputy Locure evidencing a purpose to physically harm the Deceased, nor any conduct from which it could possibly be inferred that Defendant Locure had an intent to physicality harm the Deceased, such as facts showing that Deputy Locure knew the Deceased or the other driver involved in the accident and for some reason had animosity toward them and wanted to ram them with his vehicle or crash into them. The requisite culpability required for a violation of substantive due process in this context of a law enforcement officer causing harm was examined by the court in *Wilcox v. Fenn,* Docket no. 1:08-cv20-WLS at * 5 (M.D. Ga. Mar. 30, 2009). The court stated that to state a claim for violation of substantive due process, the conduct must be of the sort where the defendant commits intentional action with his vehicle directed at the plaintiff. In other words, the officer must intend to use his vehicle to intentionally harm the plaintiff. The fact the officer may have intended to speed or intended to operate his vehicle in an unsafe manner may be reckless, but it is not egregious enough for a violation of substantive due process; the officer must have intended to use his vehicle to physically harm the plaintiff. *Id*.; *see also, Patterson v. Walden,* Docket no. 13-0109-WS-B at * 4 (S.D. Ala. Jun. 18, 2013), wherein the

17

court found that facts were sufficiently pleaded when plaintiff alleged the officer followed his vehicle very closely at high speed for several blocks and intentionally rear ended his vehicle as it reached a railroad crossing causing it to go airborne. The court reasoned that the facts alleged showed that the officer had a purpose or intent to harm the plaintiff by following very closely at high speed for several blocks (sometimes only a few feet apart), and by ramming the vehicle at a particularly vulnerable location on the roadway, the top of an elevated slope, so that it caused the vehicle to go airborne, flip over and crash; *see also King v. Lake Cnty.,* Docket no. 5- 17-cv-52- Oc-34PRL at * 11 (M.D. Fla. Dec. 19, 2017), and cases cited therein that discuss the intent to harm requirement in law enforcement/motor vehicle accident cases.

As held in *Rooney* and its progeny, the Eleventh Circuit applies the same standard to all cases involving law enforcement officers in motor vehicle accidents. It does not matter if the officer was involved in an emergency situation or not – the same standard applies. The standard is more than wanton/willful, reckless (deliberately indifferent) behavior. The standard is intent to harm or physically injure. The allegations in this case showed that the accident was not the result of a personal vendetta, or some personal animosity Deputy Locure allegedly had toward the Deceased. The parties were strangers who were involved in a very unfortunate

18

and tragic motor vehicle accident that took place when the vehicle in which the Deceased was traveling suddenly pulled in front of Deputy Locure. The above decisions stand for the well settled principle that a law enforcement officer may have committed reckless or wanton acts that amount to state-law torts, but that conduct does not give rise to a constitutional, substantive due process violation. This is consistent with the Supreme Court's and this Court's cautionary guidance on numerous occasions that lower courts should not expand the scope of substantive due process, and that the Fourteenth Amendment is not "a "font of tort law" to be used to support "novel causes of action." *Paul v. Davis,* 424 U.S. at 701, 96 S.Ct. at 1160; *Hernandez,* 982 F.3d at 1329.

In *Hernandez,* the court noted the well-recognized principle that courts are to "exercise the utmost care" when considering claims of substantive due process because it is a legal concept "untethered from the text of the Constitution." *Hernandez,* 982 F.3d at 1329. Deliberate indifference has been enough to show a substantive due process violation in certain custodial situations. *See Collins v. City of Harker Heights,* 503 U.S. 115, 127 (1992); *Hamm v. DeKalb Cnty.,* 774 F.2d 1567 (11th Cir. 1985). However, in non-custodial relationships (as here), the plaintiff must demonstrate that the official's conduct was "arbitrary" or "conscience shocking." *Hernandez,* 982 F.3d at 1329. The court went on to explain that the arbitrary or

19

conscience shocking standard "is narrowly interpreted and applied," and that "[o]nly

the most egregious official conduct" qualifies under this standard, so "even

intentional wrongs seldom violate the Due Process Clause." *Id.* at 1330.

> We doubt that deliberate indifference can ever be "arbitrary" or
> "conscience shocking' in a non-custodial setting. We stated in dicta in
> *Nix* that we "ha[ve] been explicit" that it cannot. 311 F.3d at 1377. Yet,
> we later suggested that deliberate indifference might be sufficient in a
> non-custodial setting if, "at the very least, it involved "deliberate
> indifference to an extremely great risk of serious injury." *Waddell,* 329
> F.3d at 1306. But *Waddell* then suggested that "the correct legal
> threshold for substantive due process liability" might be much higher
> than deliberate indifference. *Id.* at 1306 n. 5. Although neither *Nix* nor
> *Waddell* created a binding rule, *see United States v. Gillis,* 938 F.3d
> 1181, 1198 (11th Cir. 2019), the weight of authority lies with *Nix.* **No
> case in the Supreme Court, or in this Circuit, … has held that …
> deliberate indifference is a sufficient level of culpability to state a
> claim of violation of substantive due process rights in a non-
> custodial context.** *Waldron v. Spicher,* 954 F.3d 1297, 1310 (11th Cir.
> 2020).

*Id.* at 1330-31.

Besides disregarding the strong pronouncements in *Hernandez* and *Waldron*

*v. Spicher*, the district court erroneously concluded that it was not bound by *Cannon,*

*Rooney, Wilcox v. Fenn, Barnwell v. Douglas Cnty.,* and other cases cited above

because they were all distinguishable. (48, pp. 11-12) Again, this was wrong. The

district court reasoned that in each of the above cases, the officer was engaged in

conduct that had a "plausible nexus" with his official duty as an officer. (48, p. 12)

For example, the court noted that in *Wilcox v. Fenn,* the officers were on their way

to participate in a large-scale program to deter speeding. (Id.) But according to the district court, Deputy Locure was not engaged in any conduct in furtherance of his role as a sheriff's deputy at the time of the accident. (48, p. 13)

This is not sufficient justification to disregard binding precedent such as *Rooney, Wilcox v. Fenn, Barnwell v. Douglas Cnty.,* and the other cases cited above. First, where does this "plausible nexus" test come from? There are no cases in this circuit discussing such a test. Second, there is no explanation from the district court for why Deputy Locure's conduct did not have a "plausible nexus" with his official duty as a deputy sheriff. Deputy Locure had been called in on the evening of the accident to take care of his K-9 partner at the MCSO facility. (36, no. 51) The accident took place while Deputy Locure was on his way back home from the MCSO facility "where he had just been exercising, feeding, and otherwise caring for his law enforcement canine ("K-9")." (36, nos. 51-52; 14, no. 3) Deputy Locure would not have been driving on Highway 80 and would not have been in his MCSO-owned vehicle but for the fact he had been performing work duties (caring for his K-9 partner) at the MCSO facility. How is driving home after performing law enforcement duties significantly different from the conduct of the officers in *Wilcox v. Fenn*? Those officers were on their way to participate in a program to deter speeding. Deputy Locure was on his way home after feeding his law enforcement

K-9 partner. In both scenarios, officers are en route either to or from work-related duties. In both, the driving has a "plausible nexus" with official duties. The district court erred by refusing to follow binding precedent in this circuit based on such a tenuous distinction between the facts of this case, and the binding law enforcement cases on substantive due process discussed above. This is especially compelling when considering that Alabama law recognizes that the conduct of Deputy Locure is to be considered as arising from his employment. *See Internat'l. Brotherhood of Teamsters v. Hatas,* 287 Ala. 344, 358, 252 So. 2d 7, 19 (1971) (when an employee, before or after customary working hours, is on his way home after performing some special service or errand or to discharge some duty incidental to the nature of his employment in the interest of, or under the direction of, his employer, "an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.").

There was simply no reason for the district court to disregard *Rooney, Wilcox v. Fenn, Barnwell v. Douglas Cnty.,* and the other cases discussed above. These cases stand for the well-settled principle that more than recklessness/deliberate indifference is required to state a plausible substantive due process claim in the context a motor vehicle accident involving a law enforcement officer. *Rooney* also

22

held that the standard in substantive due process cases involving law enforcement officers driving unsafely is the same in emergency and non-emergency situations. *Rooney,* 101 F.3d at 1380-81. Instead of following these cases, the district court dismissed them as irrelevant, and instead followed the non-binding Tenth Circuit case of *Browder v. City of Albuquerque,* 787 F.3d 1076 (10th Cir. 2015). (48, pp. 13-14)

In *Browder,* the court held that when an officer is driving and not responding to an emergency, he may be found to have violated substantive due process if he shows "a conscious contempt of the lives of others" which is a "form of reckless indifference." *Id.* at 1081. (48, p. 13) Based on *Browder,* the district court in this case held that Deputy Locure "was driving in a dangerous manner 'all for his personal pleasure, on no governmental business of any kind,'" and that such conduct showed a contempt for the lives of others and was thus violative of substantive due process. (48, p. 14) The district court improperly allowed reckless behavior/deliberate indifference to support a claim for violation of substantive due process in a non-custodial situation. This was an error for all the reasons set forth above. The district court's decision also ignored prior precedent holding that the standard for substantive due process involving unsafe driving by law enforcement officers requires more than recklessness, and the same standard applies in emergency

23

and non-emergency situations. *Rooney,* 101 F.3d at 1381; *Wilcox v. Fenn,* 380 Fed.Appx. at 2. "Reckless or deliberately indifferent behavior is not enough to defeat [Deputy Locure's] claim of qualified immunity." *Cluff v. Miami-Dade Cnty.,* Docket no. 22-10704 at * 2 (11th Cir. Nov. 8, 2022).

### C. The district court erred when it found that Deputy Locure was acting under "color of law" as required for a Section 1983 claim alleging a violation of substantive due process.

The district court held that Deputy Locure "was driving in a dangerous manner 'all for his personal pleasure, on no governmental business of any kind.'" (48, p. 14) At the same time, the district court, in a footnote, found that the allegations in the Third Amended Complaint were sufficient to show that Deputy Locure was acting under "color of state law." (48, p. 5, n.1) These holdings are inconsistent. If the district court's opinion is allowed to stand on the plausibility of the substantive due process claim, then it cannot stand on the issue of acting of color of state law. In other words, if Deputy Locure was driving all for his personal pleasure and not on any governmental business, he was not acting "under color of law," as required for the assertion of Section 1983 substantive due process claim.

Section 1983 only applies if the defendant was acting under color of state law at the time of the constitutional deprivation. *Butler v. Sheriff of Palm Beach Cnty.,* 685 F.3d 1261, 1265 (11th Cir. 2012). A defendant acts under color of state law

when he "deprives the plaintiff of a right through the exercise of authority that [he] has by virtue of [his] government office or position." *Id.* "The dispositive question is whether the defendant was exercising the power [he] possessed based on state authority or was acting only as a private individual." *Id.* "The Supreme Court has explained that the 'acts of officers in the ambit of their personal pursuits are plainly excluded' from being under color of law, while the '[a]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.'" *Id.* If an act by an employee is to further his personal pursuits, the employee is not acting under color of law. *Id.* at 1265-66.

Because the district court found that Deputy Locure was acting solely for his own personal pleasure, and not in pursuit of any governmental business, the court erred in refusing to dismiss the claim due to lack of state action.

## II. The district court erred when it determined that the Complaint's allegations demonstrated a violation of Clearly Established Constitutional Law.

To be entitled to qualified immunity, the plaintiff must (1) allege a plausible violation of a constitutional right, and also demonstrate that the right was clearly established at the time of the alleged violation. *Corbitt v. Vickers,* 929 F.3d at 1311. As demonstrated above, the Third Amended Complaint does not allege a plausible violation of substantive due process. Therefore, it also fails to allege a violation of a

clearly established right. "A necessary concomitant to the determination of whether the constitutional right . . . is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793 (1991). Thus, if a plaintiff has not sufficiently alleged a violation of any constitutional right, it naturally follows that he has likewise failed to allege the violation of a clearly established right. *Id.* This should end the inquiry right now in this case. Deputy Locure should have been granted qualified immunity by the district court.

However, even if this Court were to conclude that the Third Amended Complaint sufficiently alleged a plausible claim for violation of substantive due process, the district court still erred because such right was not clearly established at the time of the accident. A clearly established right is one that is sufficiently clear that every reasonable official would understand that what he is doing violates constitutional or federal law. *Young v. Borders,* 850 F.3d 1274, 1282 (11th Cir. 2017). A plaintiff may show that a right was "clearly established" through (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute or case law that clearly establishes a constitutional right; or (3) conduct that is so egregious that a constitutional right was clearly violated, i.e., the conduct so "obviously violate[s]

26

the [C]onstitution that prior case law is unnecessary." *Perez v. Suszczynski,* 809 F.3d 1213, 1222 (11th Cir. 2016); *Echols v. Lawton,* 913 F.3d at 1324. "However it is shown, 'clearly established law' must be 'particularized' to the facts of the case, *Anderson v. Creighton,* 483 U.S. 635, 640 (1987), and must not be defined 'at a high level of generality,' *al-Kidd,* 563 U.S. at 742." *Prosper v. Martin,* 989 F.3d 1242, 1252 (11th Cir. 2021). Indeed, the Supreme Court has cautioned courts to avoid defining clearly established law at a "high level of generality" and that "[i]t is not enough that the rule is <u>suggested</u> by then existing precedent." *District of Columbia v. Wesby,* __ U.S. __, 138 S.Ct. 577, 590 (2018) (emphasis added). Instead, "[t]he precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *Wesby,* 138 S. Ct. at 590; *see also, Rivas-Villegas v. Cortesluna,* __ U.S. __, 142 S.Ct. 4, 8 (2021) (quoting *White v. Pauly,* 580 U.S. __, 137 S.Ct. 548, 551 (2017) (precedent must have placed the constitutional question "beyond debate.")

The district court concluded that Hughes, who did not rely on case law, but on the factual circumstances of the case and the death of the Deceased, had satisfied her burden of demonstrating that Deputy Locure violated clearly established constitutional law. (48, p. 20) The court concluded that Deputy Locure's conduct was "particularly egregious and obviously unlawful." (48, p. 20) The district court

relied upon the third method of demonstrating that a constitutional right was clearly established i.e., the conduct is so egregious that it "obviously violate[s] the [C]onstitution" so that "prior case law is unnecessary." *Echols v. Lawton,* 913 F.3d at 1324.

This method of demonstrating clearly established law has been deemed to be a "narrow category." *Echols v. Lawton,* 913 F.3d at 1325. This is a narrow category that encompasses those cases "where the official's conduct lies so obviously at the very core of what the relevant constitutional provision prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Id.; see also, Terrell v. Smith,* 668 F.3d 1244, 1257 (11th Cir. 2012). It was not appropriate to rely upon this narrow category to demonstrate clearly established law – for several reasons.

First, there was no reason for the court to rely on this "narrow category" because there is abundant caselaw from the Supreme Court and the Eleventh Circuit proclaiming that reckless/deliberately indifferent acts, do not give rise to a substantive due process violation in a non-custodial context. Plaintiff alleged only reckless and deliberately indifferent conduct – not that Deputy Locure intended to physically harm the Deceased. As previously discussed, this intent to harm is required to state a plausible claim for violation of substantive due process in a non-

28

custodial case. The court <u>should have</u> ruled that the precedent in this Circuit and the Supreme Court warranted the conclusion that Deputy Locure did <u>not</u> violate clearly established constitutional law because his conduct was alleged only to be reckless and/or deliberately indifferent.

Second, to satisfy the requirements of this "narrow category," the official's conduct must lie "so obviously at the very core of what the relevant constitutional provision prohibits." *Echols v. Lawton,* 913 F.3d at 1325. Does reckless/deliberately indifferent conduct lie at the very core of what the Fourteenth Amendment prohibits? Not in a non-custodial situation. *Hernandez,* 982 F.3d at 1330. The Due Process Clause "was intended to prevent government 'from abusing [its] power or employing it as an instrument of oppression.'" *Davidson v. Cannon,* 474 U.S. at 348, 106 S.Ct. at 670-71. It was never the intent of those who drafted the Fourteenth Amendment that it supplant state-law tort causes of action, or that it be used as a federal remedy to address tortious conduct by state officials acting without an intent to do harm/injure in the non-custodial context. "The Clause is phrased as a limitation on the State's powers to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney,* 489 U.S. at 195, 109 S.Ct. at 1003. "It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the

29

State to ensure that those interests do not come to harm through other means." *Id.* Deputy Locure's conduct does not fall within this "narrow category" of demonstrating a violation of clearly established law. *Echols v. Lawton,* 913 F.3d at 1325. In other words, his conduct does not lie "so obviously at the very core" of what the Fourteenth Amendment prohibits. *Id.*

While there may be those who complain that qualified immunity allows a state official to avoid the consequences of bad behavior, "the Supreme Court has long ruled that qualified immunity protects a badly behaving official unless he had fair notice that his conduct would violate the Constitution." *Echols v. Lawton,* 913 F.3d at 1325. To be liable, he must have had "fair notice that his alleged conduct would violate 'the Supreme Law of the Land.'" *Id.* at 1326. Hughes's state-law claims for wrongful death, negligence per-se, negligence, and wantonness are still pending before the district court, and provide sufficient means for redress in this case. Hughes does not have a valid federal substantive due process claim against Deputy Locure. Moreover, Deputy Locure did not have notice that his actions were violative of the Constitution. The decision of the district court should be reversed.

## CONCLUSION

Based on the foregoing, Deputy Locure respectfully moves the Court to reverse the district court's decision in this case.

30

<u>/s/ Constance Caldwell Walker</u>
Constance Caldwell Walker
(ASB-5510-L66C)


**OF COUNSEL:**

**WEBB MCNEILL WALKER PC**
One Commerce Street, Suite 700
Montgomery, Alabama 36104
T: (334) 262-1850
F: (334) 262-1889
ccw@wmwfirm.com

31

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that this brief complies with the word limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 7,270 number of words, excluding the parts of the brief exempted by Fed.R.App.P. 32(f).

This brief also complies with the typeface requirements of Fed.R.App.P. 32(a)(5) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word and using the font Times New Roman in 14 point.

/s/ Constance Caldwell Walker
OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Brief was served on the following

by electronic mail this the 7th day of June, 2023.

Victoria L. Dye
Erby J. Fischer
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
vdye@forthepeople.com
efischer@forthepeople.com


/s/ Constance Caldwell Walker
OF COUNSEL